FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC 30  AM 11:04

CLERK'S OFFICE
AT BALTIMORE

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENDALL SIMMS<br>Plaintiff<br>v.<br>U.S. DEPARTMENT OF AGRICULTURE<br>and BRADLEY KING<br>Defendants | *<br>*<br>*  Civil Action No. JKB-14-3898<br>*<br>*<br>*<br>*** |

## MEMORANDUM

The above-captioned complaint was filed on December 15, 2014, together with motions to proceed in forma pauperis and for appointment of counsel. ECF 2 and 3. Because plaintiff appears indigent, her motion to proceed in forma pauperis shall be granted. The complaint must be dismissed for the reasons set forth below and, thus, the motion for appointment of counsel shall be denied.

Plaintiff alleges discrimination when she was evicted from her apartment where she resided for thirteen years. Plaintiff claims defendant Bradley King, an employee of the Department of Agriculture, harassed plaintiff continuously, neglected to make repairs to the apartment, and allowed a "Case Edwards Management company employee the right to bear arms in her apartment and place of employment." ECF 1 at p. 3. Plaintiff further states that as a result of the failure to maintain repairs on the apartment, plaintiff became sick due to "microbial growth." *Id.* Plaintiff also states she "wasn't allowed to bear arms in my apartment" and has "had to endure the management company continuous harassments." *Id.* Plaintiff seeks damages in the amount of $350,000. *Id.* at p. 4.

The allegations raised in the complaint have been raised by plaintiff in a previously filed complaint. *See Simms v. King*, Civil Action No. ELH-14-3704 (D. Md. 2014). The complaint in

that case was dismissed for lack of subject matter jurisdiction as the complaint did not present a federal question, nor was it based on diversity jurisdiction. *Id.* at ECF 4, p. 2. In addition, this court noted that the complaint did not contain any grounds for a suit against defendant King. *Id.* at p. 3. The only change in the instant case is plaintiff's addition of the Department of Agriculture as a defendant, about which plaintiff simply makes the assertion it is defendant King's employer. To the extent there is some connection between the property management company and the Department of Agriculture, that connection is not evident on the face of the complaint. The instant complaint shall be dismissed for lack of subject-matter jurisdiction.[1] A separate order shall issue.

DATED this 29 day of December, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

---

[1] As observed by this court in plaintiff's prior case:

> Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether any of a plaintiff's claims "arise under" federal law is determined by application of the well pleaded complaint rule. *Ali v. Giant Food LLC/Stop & Shop Supermarket Co.*, 595 F. Supp. 2d 618, 621 (D. Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)). According to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987).

*Simms* Civil Action ELH-14-3704 at ECF 4, p. 2.